

AE

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORNELIUS McDANIEL and MARION McDANIEL GEORGE,<br>　　Plaintiff,<br><br>　　v.<br><br>OFFICER W. SHANNON, Star #16066,<br>OFFICER W. MULLEN, Star #12673,<br>SGT. O'NEIL, Star #2063, OFFICER<br>COREY FLAGG, Star #9386, UNKNOWN<br>CHICAGO POLICE OFFICERS, and the<br>CITY OF CHICAGO,<br>　　Defendants. | No. 05C 0867<br><br>Jury Demand<br><br>JUDGE LEINENWEBER<br><br>MAGISTRATE JUDGE MASON |

## COMPLAINT

### COUNT I - FEDERAL FALSE ARREST

### JURISDICTION AND VENUE

1. This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

2. The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

3. This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

4. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiff's constitutional rights under the Fourth Amendment as incorporated and applied to state governments through the Fourteenth Amendment to the United States Constitution.

## PARTIES

5. Plaintiffs are citizens of the United States and residents of Chicago, Illinois.

6. Defendant Officers Shannon, Mullen, Flagg, and Sgt. O'Neil and other unknown Chicago police officers were on duty and acting under color of state law at all times relevant to this Complaint.

7. The City of Chicago is a municipality organized under the laws of the State of Illinois and the employer of Defendant Officers Shannon, Mullen, Flagg, and Sgt. O'Neil and other unknown Chicago police officers.

## THE FOURTH AMENDMENT VIOLATION

8. On or about February 14, 2004, Plaintiff were at their residence of 9016 S. Justine, in Chicago, IL, which is a three flat owned by Plaintiff Marion George.

9. Defendants executed a search warrant that named Robert McDaniel and mistakenly listed the address of 9016 S. Justine as a single family residence.

10. Defendants did not have an arrest warrant nor a search warrant for the Plaintiffs.

11. Defendants did not observe the Plaintiffs in violation of any city, county, state, and/or federal law/statute.

12. Plaintiffs, at no time relevant to this cause, disobeyed, resisted, or otherwise obstructed defendants or any other Chicago police officers.

13. Plaintiff Marion George legally owned a firearm.

14. Plaintiff Marion George had a valid FOID card for the firearm on February 14, 2004.

15. Plaintiff Cornelius McDaniel owned a dog on February 14, 2004.

16. Plaintiff Cornelius McDaniel, upon learning Chicago police were about to enter his unit at 9015 S. Justine, warned the officers of the dog.

17. Plaintiffs were searched by defendants and/or other unknown Chicago police officers.

18. No contraband was found on Plaintiffs as a result of the illegal search.

19. After the illegal search, Plaintiffs were handcuffed and placed under arrest.

20. Plaintiffs were never charged with any offense.

21. Plaintiff Marion George informed the defendants of the presence of the firearm, that the firearm was legally registered, and that she had a FOID card for the firearm.

22. Plaintiff Marion George's firearm was taken by the defendants.

WHEREFORE, Plaintiffs pray this Court will award them actual and punitive damages as well as costs and reasonable attorney fees against the Defendant officers for their false arrest and illegal search.

## COUNT II - EXCESSIVE FORCE

1-22. Plaintiff re-alleges paragraphs 1-22 of Count I as paragraphs 1-22 of Count II.

23. Defendants and/or other unknown Chicago police officers used excessive force during the false arrest of Plaintiffs.

24. Defendants and/or other unknown Chicago police officers unnecessarily shot Plaintiff Cornelius McDaniel's dog.

25. At no time relevant to this suit did Plaintiffs kick, punch, shove, or resist Defendants or other unknown Chicago police officers' illegal conduct.

WHEREFORE, Plaintiff prays this Court will award them actual and punitive damages as well as costs and reasonable attorney fees against the Defendants for their false arrest, illegal search and use of excessive force.

## COUNT III - STATUTORY INDEMNIFICATION

1-25. Plaintiff re-alleges paragraphs 1-25 of Count II as paragraphs 1-25 of Count III.

26. At all relevant times, 745 ILCS 10/9-102 was in full force and effect.

27. The Defendant officers were acting under color of state law and as employees of the City of Chicago.

WHEREFORE, Plaintiff prays the Court will award them actual damages and costs against the City of Chicago.

Respectfully Submitted,

_____
THOMAS PETERS
KEVIN PETERS
Attorneys for Plaintiff
407 S. Dearborn, Suite 1735
Chicago, Illinois 60605
312-697-0022